UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN SPEARS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN K. SPEARS,<br><br>　　　　Defendant. | No.  2:21–cv–1472–TLN–CKD PS<br><br><br>ORDER<br><br>(ECF No. 4) |

　　　　Plaintiff, who is representing herself in this action, again seeks leave to proceed in forma pauperis ("IFP") with her complaint.[1]  (ECF Nos. 1, 4.)  See 28 U.S.C. § 1915.  Because the IFP application is incomplete, the court denies plaintiff's IFP request without prejudice to re-submission of a complete application within 30 days.  Further, because it is unclear what plaintiff is alleging and how this federal court has jurisdiction over the case, plaintiff shall also have 30 days to file an amended complaint.

**I.　　IFP Request**

　　　　When plaintiff filed her complaint and first request for leave to proceed IFP, she used a state court form and listed her address as that of the El Dorado County Jail.  (ECF No. 2 at 1.)  The court denied plaintiff's original IFP request because the state court fee-waiver form plaintiff

---

[1] Because plaintiff is self-represented, all pretrial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

submitted was missing certain information required to proceed IFP as a prisoner in federal court. (ECF Nos. 2, 3.)  The order denying the original IFP request was sent to plaintiff at the El Dorado County Jail address but was later returned as undeliverable.  (Docket Text 9/17/2021, 9/27/2021.) On October 29, 2021, plaintiff visited the court's public service counter and was re-served a copy of the order and a blank copy of this court's Application to Proceed In Forma Pauperis by a Prisoner, as previously instructed by the court.  (Docket Text 10/29/2021.)[2]  At the same time, plaintiff filled out the IFP form and filed it with the court.  (ECF No. 4.)

On the IFP form, plaintiff checked the box stating she is not currently incarcerated, but she still listed "El Dorado County" as her "place of [] incarceration."  (Id. at 1.)  Plaintiff also gave what appears to be a private rented mailbox as her mailing address.  (Id.)  Plaintiff answered many of the questions on the form, but she did not answer a critical question about whether she has received any income or other funds over the past twelve months (question 3).  (Id.)  Without that information the court is unable to evaluate plaintiff's application.

Accordingly, plaintiff's IFP application is denied for now, although plaintiff is granted another opportunity to re-submit her application.  Because it appears more likely that plaintiff is no longer incarcerated, the court is enclosing a non-prisoner version of the IFP form for plaintiff to complete.

If, however, plaintiff is incarcerated at the time of re-filing, she must comply with the more onerous requirements for proceeding IFP as a prisoner, and she should instead fully complete the prisoner version of the IFP form (previously provided by the court, and available on the court's website).  If incarcerated, plaintiff must have an authorized prison official complete and sign the portion of the prisoner IFP form certifying plaintiff's current and average prison account balances.  See 28 U.S.C. § 1915(b) (setting monthly payment schedule for prisoners to pay full filing fee, based on prison account balances).

////

---

[2] Although the docket text description reflects service by mail, the docket text descriptions from the same day in plaintiff's two co-pending lawsuits in this court indicate that plaintiff visited the service counter in person.  (Nos. 2:21-cv-01458-KJM-AC, 2:21-cv-01769-JDP.)

On whichever version of the IFP form plaintiff re-files, she must clearly state whether or not she is currently incarcerated, and she must fully complete all sections of the form.

**II.     Complaint Screening**

Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Further, federal courts have an independent duty to ensure that federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

**Legal Standards**

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.

1  CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

2      In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

    Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**The Complaint**

    As her complaint, plaintiff filed in this court a two-page California state court form complaint designed to be used for breach-of-contract lawsuits. (ECF No. 1.) Plaintiff Lauren Spears lists herself and four other individuals as plaintiffs, indicating that at least two of the other listed plaintiffs are not "competent adults" because they are either under age 18 or are "autistic/mentally disabled." (Id. at 1.) Plaintiff brings this complaint against Brian K. Spears, and all but one of the listed plaintiffs share the parties' same last name. (Id.) The complaint does not list any causes of action, nor does it contain any factual allegations describing what events give rise to this suit. Plaintiff simply lists a series of legal phrases: "Forgery – Pain & Suffering," "sexual assault," "domestic abuse," and "mental anguish to all [listed plaintiffs]." (Id. at 2.) Plaintiff also indicates that she is seeking an unspecified amount of damages. (Id.)

////

////

**Analysis**

There are several problems with this complaint which plaintiff must fix if she wishes to move forward with this suit in this court.

### 1. *Plaintiff Cannot Represent Others*

First, despite naming five plaintiffs, only plaintiff Lauren Spears' signature appears on the complaint. Plaintiff Spears, as a non-lawyer, has no authority to represent anyone other than herself in court. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). This bar applies equally to those attempting to represent their own children. Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

If plaintiff wishes to sue in conjunction with other unrepresented but competent adults over the age of 18, each individual plaintiff must sign the amended complaint on his or her own behalf. In order for any minors or others lacking legal capacity to sue alongside plaintiff, they must be represented by a licensed attorney.

### 2. *Insufficient Statement of the Claim*

Second, and most problematically, the complaint does not clearly describe the events plaintiff is complaining about. Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (purpose of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (cleaned up)). The current allegations do not clearly state what happened to plaintiff, when it happened, or who did what. Although it seems that defendant allegedly assaulted or otherwise abused one or more of the people listed as plaintiffs, the complaint does not include any factual details about what exactly defendant did and how it harmed any plaintiff. (See ECF No. 1 at 2.)

Any amended complaint must set forth specific legal causes of action in separate sections. Under each section, plaintiff must then list the specific factual allegations supporting that

particular claim.  (For brevity, plaintiff may refer to specific prior paragraphs.)  For each claim, plaintiff must allege what specific conduct defendant engaged in, when the conduct occurred, and how the conduct harmed her.  Plaintiff is welcome to use additional pages to explain these details, beyond the space provided in the enclosed complaint form; however, the statement of the claim should be kept relatively "short."

### 3. *No Viable Causes of Action*

Third, the complaint currently does not identify any viable causes of action over which this court possesses subject matter jurisdiction.

#### a. No Subject Matter Jurisdiction over State Law Claims Against In-State Defendants

Plaintiff refers generally to various sorts of "tort" claims, such as assault and infliction of emotional distress.  (ECF No. 1 at 2.)  But these sorts of personal injury claims arise under state law, not federal law, so this court would only have subject matter jurisdiction over those claims in two specific circumstances.  First, the court could have subject matter jurisdiction over the state law claims if the parties were completely "diverse" from each other and the amount in controversy exceeded $75,000.  See 28 U.S.C. § 1332(a)(1).  Complete diversity requires that each plaintiff must be a citizen of a different state from the defendant(s).  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  Natural persons are deemed to be citizens of the state in which they are "domiciled."  Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

The current complaint does not indicate where any of the parties are domiciled.  This omission is fatal to an assertion of diversity jurisdiction.  See id. at 857-58 (party asserting diversity jurisdiction bears the burden to allege each party's state citizenship, and failure to do so deprives the court of diversity jurisdiction).  If defendant Brian K. Spears' permanent home is in the same state as plaintiff Lauren Spears—or the same state as any other proper plaintiff—the court will be unable to hear the personal injury claims suggested in the complaint, if plaintiff is indeed bringing only state law claims.

1    Alternatively, the court could exercise subject matter jurisdiction over personal injury or
2 other state law claims if they are "so related to" federal claims in the action that they "form part
3 of the same case or controversy." See 28 U.S.C. § 1367 (supplemental jurisdiction). At this time,
4 the complaint indicates no claims arising under federal law, however. Unless plaintiff adds a
5 good faith federal claim, the court also cannot exercise supplemental jurisdiction over the
6 apparent state law claims. Plaintiff's recourse would be to file her complaint in state court.

     b. <u>No Diversity Jurisdiction over Divorce, Alimony, or Child Custody Cases</u>

8    Even if plaintiff can in good faith allege that she and the defendant are domiciled in
9 different states and the amount in controversy exceeds $75,000, the court cautions plaintiff that it
10 still will not be able to hear any claims that involve the "issuance or modification of a divorce,
11 alimony, or child-custody decree." <u>Bailey v. MacFarland</u>, 5 F.4th 1092, 1096 (9th Cir. 2021); <u>see</u>
12 <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992). The "domestic relations exception" prevents
13 federal courts from exercising jurisdiction in such matters which are uniquely appropriate for
14 state courts to decide. Although the nature of the current dispute is unclear at present, the case
15 seems to involve parents and children—based on the parties' last names. Therefore, the court
16 notes this general exception for plaintiff's benefit in deciding whether and how to amend her
17 complaint.

18  **Leave to Amend**

19    In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could
20 allege facts to invoke this court's jurisdiction and potentially state a claim, the court grants
21 plaintiff an opportunity to amend the complaint. See <u>Lopez</u>, 203 F.3d at 1130 ("leave to amend
22 should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned
23 up). If plaintiff wishes to continue to attempt to proceed in this federal court, as opposed to state
24 court, it would be beneficial to use this court's form complaint, which is enclosed with this
25 order—instead of the state court form previously used.

26    Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
27 to make the first amended complaint complete. Local Rule 220 requires that an amended
28 complaint be complete in itself without reference to any prior pleading. As a general rule, an

amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend the complaint in compliance with the court's order, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff would then be free to pursue these claims in state court instead.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's incomplete application to proceed *in forma pauperis* (ECF No. 4) is DENIED without prejudice;
2. The Clerk of Court is instructed to send plaintiff, in addition to a copy of this order:
   a. the court's form Complaint for a Civil Case; and
   b. an Application to Proceed In Forma Pauperis by a Non-Prisoner;
3. **Within 30 days** of this order, plaintiff shall file
   a. a properly completed *in forma pauperis* application on the appropriate form, depending on whether she is or is not currently incarcerated; and
   b. a first amended complaint addressing the defects identified in this order;
4. If plaintiff determines that she is unable to amend the complaint in compliance with the court's order, she may alternatively file a notice of voluntary dismissal of the action; and
5. Failure to timely comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: November 23, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.spea.1472