UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN SPEARS,<br><br>            Plaintiff,<br><br>     v.<br><br>BRIAN K. SPEARS,<br><br>            Defendant. | No. 2:21–cv–1472–TLN–CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

On November 23, 2021, the court both denied without prejudice plaintiff's renewed application to proceed in forma pauperis ("IFP") and explained why plaintiff's two-page state court form complaint was unsuitable for service.[1] (ECF No. 5; see ECF Nos. 1, 4.) Plaintiff was given 30 days to file a properly completed IFP application and a first amended complaint, or a notice of voluntary dismissal. (ECF No. 5 at 8.) Plaintiff was also cautioned that failure to timely comply with that order "will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) That 30-day deadline passed several weeks ago, with no further filings from plaintiff. Accordingly, the undersigned now recommends dismissing this case with prejudice under Rule 41(b).

////

---

[1] Because plaintiff is self-represented, all pretrial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

After weighing the five factors for determining whether to involuntarily dismiss a case, the court finds that dismissal is warranted.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  This case is being delayed by plaintiff's failure to prosecute, and any defendants against whom a claim might be brought are being deprived of an opportunity to understand that claim and prepare their defense.  Without any action by plaintiff, the case may linger on the court's docket indefinitely.  Plaintiff's failure to respond in any way to the court's order leaves little alternative but to recommend dismissal.  Should plaintiff wish to resume prosecuting this case, she may so indicate in any objections to these findings and recommendations.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

/////
/////
/////
/////
/////

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 13, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.spea.1472